# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2483

_____

In re: Richard Burival,                          *
also known as Burival Brothers,         *
A Partnership,                                      *
Phillip Burival,                                     *
also known as B & B Farms,               *
also known as Burival Farms;             *
Gary M. Burival,                                  *
also known as B & B Farms,               *
also known as Burival Farms;             *
 Joyce A. Burival,                                *
also known as B & B Farms,               *    Appeal from the United States
also known as Burival Farms,             *    Bankruptcy Appellate Panel
                                                           *     for the Eighth Circuit.
          Debtors.                                  *
------------------------------                   *
Richard Burival,                                  *
also known as Burival Brothers,         *
A Partnership; Phillip Burival,            *
also known as Burival Brother,           *
A Partnership;                                     *
Gary M. Burival,                                  *
also known as B & B Farms,               *
also known as Burival Farms;             *
 Joyce A. Burival,                                *
also known as B & B Farms,               *
also known as Burival Farms,             *
                                                           *
          Appellants,                               *
v.                                                         *
                                                           *

Loretta Roehrich,                            *
Conservator of the Estate                    *
 of Rosie Pritchett,                         *
a protected person,                          *
                                             *
        Appellee.                            *
----------------------------------           *
Loretta Roehrich,                            *
Conservator of the Estate                    *
 of Rosie Pritchett,                         *
a protected person,                          *
                                             *
        Appellee,                            *
                                             *
v.                                           *
                                             *
Richard Burival,                             *
also known as Burival Brothers;              *
Phillip Burival,                             *
also known as Burival Brothers,              *
A Partnership;                               *
Gary M. Burival,                             *
also known as B & B Farms,                   *
also known as Burival Farms;                 *
 Joyce A. Burival,                           *
also known as B & B Farms,                   *
also known as Burival Farms,                 *
                                             *
        Appellants.                          *

_____

Submitted: March 9, 2010
Filed: July 23, 2010

_____

Before SMITH,  BENTON, and SHEPHERD,  Circuit Judges.

_____

-2-

BENTON, Circuit Judge.

On March 23, 2007, Burival Brothers – which includes four individuals (Richard Burival, Phillip Burival, Gary M. Burival, and Joyce A. Burival) and three partnerships (B& B Farms, Burival Brothers, and Burival Farms) – leased crop land for three years from Rosie Pritchett. The lease required two payments, $75,329.78 on April 1 and $90,799.22 on December 1. Burival Brothers filed Chapter 11 bankruptcy on November 29, 2007 – two days before the rent was due. Burival Brothers rejected the lease on March 19, 2008. Pritchett filed a claim for an administrative expense of $90,799.22 for the December payment, under 11 U.S.C. § 365(d)(3), plus attorney fees and costs.

The bankruptcy court allowed prorated rent of $50,521 as an administrative expense, plus attorney fees, costs, and interest. *In re Burival*, 392 B.R. 793, 802 (Bankr. D. Neb. 2008). Burival Brothers appealed to the bankruptcy appellate panel (BAP). Pritchett cross-appealed. The BAP[1] reversed, allowing recovery of the entire rent obligation as an administrative claim. *In re Burival*, 406 B.R. 548, 555-56 (B.A.P. 8th Cir. 2009). Having jurisdiction under 28 U.S.C. § 158(d)(1), this court affirms the BAP.

The bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law de novo. *Granite Reinsurance Co. v. Acceptance Ins. Co. (In re Acceptance Ins. Co.)*, 567 F.3d 369, 376 (8th Cir. 2009).

The 2007 crop year ended before Burival Brothers filed for bankruptcy. They assert that the rent due on December 1 is a pre-petition unsecured claim because the land's value to the estate was used before the bankruptcy filing. They rely on a ninth circuit BAP decision that a bankruptcy estate is liable only for the reasonable value of

---

[1]The Honorable Barry S. Schermer, Member of the United States Bankruptcy Appellate Panel for the Eighth Circuit Court of Appeals.

the premises until a lease is deemed rejected. *Great W. Savings Bank v. Orvco, Inc. (In re Orvco, Inc.)*, 95 B.R. 724, 727-28 (B.A.P. 9th Cir. 1989), *overruled by Towers v. Chickering & Gregory (In re Pacific-Atlantic Trading Co.)*, 27 F.3d 401, 404-05 (9th Cir. 1994). Burival Brothers reason that the rent due is not an administrative expense because it does not qualify under subsection 503(b)(1) of the bankruptcy code. That subsection allows administrative expenses including those for "the actual, necessary costs and expenses of preserving the estate ." **11 U.S.C. § 503 (b)(1)(A)**.

The bankruptcy code has a specific provision on unexpired leases of nonresidential real property:

> The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

**11 U.S.C. § 365(d)(3)**. Burival Brothers assert that this provision, among those informally called "Shopping Center Amendments,"[2] should not control crop leases.

The bankruptcy court agreed with the decisions that find § 365(d)(3) ambiguous. *See El Paso Props. Corp. v. Gonzalez (In re Furr's Supermarkets, Inc.)*, 283 B.R. 60, 66 n.9 (B.A.P. 10th Cir. 2002) (listing cases). The majority of cases hold to the contrary, that § 365(d)(3) unambiguously provides that a debtor must perform a rent obligation in full, until a lease is rejected. *See id.* at 66 n.10 (listing cases).

---

[2]Congress's title for the group of amendments that includes § 365(d)(3) is: "Leasehold Management Bankruptcy Amendments Act of 1983." Pub. L. No. 98-353, 98 Stat. 333, 361, 363 (1984).

This court agrees with the BAP that § 365(d)(3) is not ambiguous. The plain language of § 365(d)(3) governs an "unexpired lease of nonresidential real property" and excepts "section 503(b)(1)." *See Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004) (a statute that is plain must be enforced "according to its terms"). Rent obligations in such leases must be performed when they arise after filing and before rejection; any reduction based on subsection 503(b)(1) would violate the specific language of § 365(d)(3). *In re Pacific-Atlantic Trading Co.*, 27 F.3d at 404-05. Burival Brothers must perform the December rent obligation whether or not it preserves the estate. *See HA-LO Indus., Inc. v. CenterPoint Props. Trust*, 342 F.3d 794, 798-99 (7th Cir. 2003); *Koening Sporting Goods, Inc. v. Morse Road Co. (In re Koening Sporting Goods, Inc.)*, 203 F.3d 986, 989-90 (6th Cir. 2000).

Burival Brothers finally argue that the rent claim has no priority under the bankruptcy code. *See In re Burival*, 406 B.R. at 556-57 (Kressel, J., dissenting). To the contrary, § 365(d)(3) claims have priority status. Section 365(d)(3) expressly preempts subsection 503(b)(1), but not the introductory authorization of "administrative expenses" in § 503(b). The administrative expenses listed in the subsections of § 503(b) – preceded by "including" – are not exclusive. *See* **11 U.S.C. § 102(3)** (in the bankruptcy code, "including" is not limiting). Because § 365(d)(3) claims have a status at least equal to a claim under subsection 503(b)(1), the BAP correctly approved Pritchett's claim as an administrative expense. *In re Pacific-Atlantic Trading Co.*, 27 F.3d at 405.

Even if it is an administrative expense, Burival Brothers assert the rent should not be allocated evenly throughout the year relying on this court's holding in *Reiter v. Fokkena (In re Wedemeier)*, 237 F.3d 938, 941 (8th Cir. 2001). The debtors in *Wedemeier* filed for bankruptcy on June 8 but the trustee neither assumed nor rejected the crop-land leases. They were deemed rejected on August 7. *Id.* at 940. No rent was due between June 8 and August 7. *Id.* The debtors had missed a rent payment in March (before filing bankruptcy) but still planted crops in May (also before bankruptcy). *Id.* After filing, they continued to care for the crops. *Id.* This court

found that the reasonable rental value of the property was an administrative expense. *Id.* at 941.

Unlike this case, in *Wedemeier* no rent was due during the period between the filing for bankruptcy and the rejection of the lease. This explains why this court does not even cite § 365(d)(3) in *Wedemeier*. Section 365(d)(3) is unambiguous and requires payment, in full, of post-petition, pre-rejection rent obligations in unexpired leases of nonresidential real property. The *Wedemeier* case is irrelevant here.

The BAP's decision is affirmed.

_____